**459 LEE ET AL. vs. CIRCUIT JUDGE** (Kalamazoo), No. 14231, 101 M., 406.

To compel the entry of an order requiring certain judgment debtors to appear at a time and place named, and make discovery, on oath, concerning their property and debts, under chapter 278 How. Stat.

Granted July 10, 1894, with costs against the judgment debtors.

Respondent contended that said chapter is invalid because, (1) it does not provide for the framing of an issue; (2) the statute is otherwise crude and imperfect; (3) because the statute does not provide for a trial by jury; (4) because its object has been superceded by the subsequent statutes and repealed by implication; (5) because while it attempts to provide a remedy at law in lieu of a proceeding in chancery, it is wanting in means to accomplish its object; (6) because by Act. No. 125, Laws of 1861, parties were made competent witnesses, and the necessity for such proceeding ceased; (7) because the allegations in the petition are subject to the criticism made in Prescott vs. Peiffer, 57 M., 21; and (8) under our practice, where the distinction between law and equity proceedings· prevails, no such statute can be maintained, and the decisions under the code practice have no force. Citing Reed .vs. Baker, 42 M., 272; Ehlers vs. Stoeckle, 37 M., 260; Risser vs. Hoyt, 53 M., 185; Brown vs. Circuit Judge, 75 M., 274 (723); Riopelle vs. Doellner, 26 M., 102; Sheldon vs. Walbridge, 44 M., 251.

Relator cited, Ex parte, 105 U. S., 647, and urged that a statute unconstitutional or inoperative or invalid in part, may be held valid as to other provisions.    Citing Brooks vs. Hill, 1 M., 118; Smith vs. Adrian, Ibid., 495; Ames vs. Port Huron, 6 M., 266; People vs. Mahaney, 13 M., 481; Campau vs. Detroit, 14 M., 276; People vs. Richmond, 59 M., 570; Attorney General vs. Amos, 60 M., 372; Robison vs. Miner (Police Justice), 68 M., 549 (239).